# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FRANK RIVERA,

      Plaintiff,

vs.                                                          No. CIV-11-54 ACT/WDS

STATE OF NEW MEXICO
CORRECTIONS DEPARTMENT,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant State of New Mexico Corrections Department's ("Defendant" or "NMDC") Motion to Strike Damage Claims filed on June 13, 2011 [Doc. 23] and Plaintiff Frank Rivera's ("Plaintiff" or "Rivera") Response filed on July 11, 2011 [Doc. 34]. Defendant did not file a reply and instead filed a Notice of Briefing Complete on July 13, 2011. [Doc. 37.]

Defendant's Motion to Strike was preceded by an exchange of letters between counsel [Doc. 23 at Exs. A, B and C.]. Plaintiff stated in his letter response to Defendant's request for a computation of damages that he did not have any documents or other evidentiary materials "to support his category of damages for compensatory, punitive, and statutory" based on his civil rights claims. [*Id.* at Ex. B.]

The Motion to Strike asserts that Plaintiff failed to disclose a computation and categorization of his damages pursuant to Fed.R.Civ.P. 26 (a)(1)(C) and that as a result the Court could strike the Plaintiff's damage claims. Plaintiff responded and correctly notes that the

1

Defendant meant to rely upon Fed.R.Civ.P. 26(a)(1)(iii), that portion of Rule 26 addressing the requirement of a computation of each category of damages.  Plaintiff then argues that he did in fact set forth in his Rule 26 Initial Disclosures his categories of damages to be (1) compensatory damages, (2) punitive damages, (3) statutory damages, and (4) attorney fees, costs and expenses under 42 U.S.C. § 1988. [Doc. 34.]  Plaintiff states that his case involves "damages for violations of Plaintiff's civil rights, and economic damages are not applicable."  He also states that the Court should deny Defendant's Motion to Strike "since Plaintiff has served his First Amended Initial Disclosure on counsel for Defendant on July 11, 2011." [Doc. 34.]  Plaintiff did not provide a copy of his First Amended Initial Disclosures to this Court and they were not attached to the Certificate of Service filed on July 11, 2011 [Doc. 33].  Plaintiff alleges in his Response that he included "a range of dollar amounts sought for each individual category of damages" in his First Amended Rule 26 Disclosures [Doc. 34 at p. 2].

The Court first notes that the Plaintiff filed his Response to the Motion to Strike Damages Claims twenty eight days after the Motion to Strike had been filed.   There is no indication whether or not Plaintiff sought an extension from Defendant for this late filing.  On this basis alone, the Court could grant the Defendant's Motion as "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M. LR-Civ. 7.1(b).  However, because the Defendant did not object to the late filing the Court will assume that the Plaintiff's Response was timely filed pursuant to agreement between counsel.

Defendant's Motion is ambiguous as to what damages it seeks to strike.  Plaintiff stated that his case involves only "damages for violations of Plaintiff's civil rights, and economic damages are not applicable." [Doc. 34.]  Plaintiff's complaint seeks "compensatory, punitive

2

and statutory damages to the extent permitted by law." [Doc. 1-1, Ex. B.] Plaintiff's claims are based on allegations that his civil rights under 42 U.S.C. § 1983 were violated when he was wrongfully incarcerated without a valid court order "somewhere between five (5) and seven (7) months" longer than his sentence. [Doc. 1-1 at Ex. B; Doc. 10 at pp. 3-4.] To grant Defendant's Motion to Strike Plaintiff's damages claim would, in effect, rule for Defendant as a matter of law on the Plaintiff's civil rights claims. The Court agrees with Plaintiff that damages for alleged violation of civil rights under 42 U.S.C. § 1983 are difficult to calculate and would ultimately be decided by the jury should the Plaintiff prevail on the issue of liability.

  Defendant seems to be concerned about a potential claim for "emotional distress" and whether or not there are any documents to support this claim. However, Plaintiff has not asserted a claim for emotional distress in his Complaint [Doc. 1] nor has he articulated one in the Joint Status Report and Provisional Discovery Plan [Doc. 10]. Moreover, Plaintiff through his counsel has stated that "[P]laintiff does not have any documents or other evidentiary materials to support his category of damages for compensatory, punitive and statutory..." damages. [Doc. 23 at Ex. B.] Therefore, Plaintiff's damages claim at trial will be limited to the alleged violation of his civil rights and he will be precluded from offering any documents in support of these claims.

  Defendant's Motion to Strike will be denied but Plaintiff will be held to his representation that he does not have any documents or other evidentiary materials "to support his category of damages for compensatory, punitive, and statutory" damages based on his civil rights claims [*Id.* at Ex. B] and his representation that he does not have any economic damages. [Doc. 34.] Since the Court has not seen the estimates for his claims for compensatory, punitive and statutory damages in his First Amended Disclosures the Court will reserve ruling on whether or not Plaintiff can request those amounts or any other amount from the jury in closing

argument.

      THEREFORE, Defendant's Motion to Strike Damage Claims is DENIED.

      IT IS SO ORDERED.

                                                             */s/ Alan C. Torgerson*
                                                             Alan C. Torgerson
                                                             United States Magistrate Judge, presiding